**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARCUS RANDLE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF AURORA; KYRIAKO VOGIATZIS; ANDREW MARTIN; VILLAGE OF NORTH AURORA; ETHAN MAJERUS; RYAN PEAT; and DOES 1-10, inclusive,<br><br>Defendants. | Court No. 1:20-cv-05731<br><br>Judge Kennelly<br>Courtroom 2103 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, MARCUS RANDLE, by and through his attorneys, GARDINER KOCH WEISBERG & WRONA, for his First Amended Complaint against Defendants CITY OF AURORA; KYRIAKO VOGIATZIS; ANDREW MARTIN; VILLAGE OF NORTH AURORA; ETHAN MAJERUS; RYAN PEAT; and DOES 1-10, inclusive, alleges as follows:

**INTRODUCTION**

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the false arrest and abuse of the Plaintiff, MARCUS RANDLE.

**PARTIES**

2. Plaintiff MARCUS RANDLE ("RANDLE") is an individual residing in the State of Illinois.

3. At all times relevant, Defendant CITY OF AURORA ("CITY") is and was a duly organized public entity existing under the laws of the State of Illinois. At all times relevant, CITY was the employer of Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN, who were

CITY police officers; DOES 1-2, who were CITY police officers' supervisorial officers; and DOES 3-5, who were managerial, supervisorial, and policymaking employees of the CITY Police Department. On information and belief, at all times relevant, KYRIAKO VOGIATZIS, ANDREW MARTIN, and DOES 1-5 were residents of the County of Kane, Illinois. KYRIAKO VOGIATZIS, ANDREW MARTIN and DOES 1-5 are sued in their individual capacity for damages only.

4. At all times relevant, Defendants KYRIAKO VOGIATZIS, ANDREW MARTIN, and DOES 1-5 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal Defendant CITY.

5. At all times relevant, Defendants KYRIAKO VOGIATZIS, ANDREW MARTIN, and DOES 1-5 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

6. In doing the acts and failing and omitting to act as hereinafter described, Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN were acting on implied and actual permission and consent of CITY.

7. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every CITY defendant.

8. At all times relevant, Defendant VILLAGE OF NORTH AURORA ("VILLAGE") as a duly organized public entity existing under the laws of the State of Illinois. At all times relevant, VILLAGE was the employer of Defendants ETHAN MAJERUS and RYAN PEAT, who were VILLAGE police officers; DOES 6-7, who were VILLAGE police officers' supervisorial officers; and DOES 8-10, who were managerial, supervisorial, and policymaking employees of the VILLAGE Police Department.

9. On information and belief, at all times relevant, ETHAN MAJERUS, RYAN PEAT, and DOES 6-10 were residents of the County of Kane, Illinois. ETHAN MAJERUS, RYAN PEAT, and DOES 6-10 are sued in their individual capacity for damages only. On information and belief, at all times relevant, ETHAN MAJERUS, RYAN PEAT, and DOES 6-10 were residents of the County of Kane, Illinois. ETHAN MAJERUS and RYAN PEAT are sued in their individual capacity for damages only.

10. At all times relevant, Defendants ETHAN MAJERUS, RYAN PEAT, and DOES 6-10 were duly authorized employees and agents of VILLAGE, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal Defendant VILLAGE.

11. At all times relevant, Defendants ETHAN MAJERUS, RYAN PEAT, and DOES 6-10 were duly appointed officers and/or employees or agents of VILLAGE, subject to oversight and supervision by VILLAGE's elected and non-elected officials.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants ETHAN MAJERUS, RYAN PEAT, and DOES 6-10, were acting on implied and actual permission and consent of VILLAGE.

13. At all times mentioned herein, each and every VILLAGE defendant was the agent of each and every other VILLAGE defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every VILLAGE defendant.

14. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

15. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United State Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in, and the events giving rise to the cause of action asserted occurred in the County of Kane, Illinois.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18. On September 28, 2019, and at all times relevant, RANDLE was a passenger in a 2006 Dodge Durango with Illinois license plate number BE21366 (hereinafter referred to as the "Subject Vehicle").

19. On September 28, 2019, VILLAGE Officer ETHAN MAJERUS initiated a traffic stop of the Subject Vehicle at or near the intersection of Monroe Street and Oak Street in North Aurora, Illinois.

20. At the aforesaid time and place, VILLAGE Officers ETHAN MAJERUS and/or RYAN PEAT invited CITY Police Department Special Operations Group Officers, including without limit, KYRIAKO VOGIATZIS and ANDREW MARTIN, to participate in the arrest of all individuals in the subject vehicle, without probable cause, including RANDLE.

21. At the aforesaid time and place, CITY Officers KYRIAKO VOGIATZIS and ANDREW MARTIN, and VILLAGE Officer RYAN PEAT, without provocation, began to use violence and physical force, including throwing RANDLE to the ground and striking him in the head.

22. At all times relevant, RANDLE was arrested and charged with resisting or

obstructing arrest.

23. At all times relevant, RANLDE was arrested by Defendants VILLAGE Officers ETHAN MAJERUS and RYAN PEAT and/or CITY Officers KYRIAKO VOGIATZIS and ANDREW MARTIN, without probable cause.

24. At the time of the arrest, RANDLE was unarmed and posed no threat to CITY Officers KYRIAKO VOGIATZIS and ANDREW MARTIN, VILLAGE Officers ETHAN MAJERUS and RYAN PEAT, other law enforcement officers or personnel, or the public at large.

25. At the time of the arrest, RANDLE posed no immediate threat of death or serious physical injury to either Defendants CITY Officers KYRIAKO VOGIATZIS and ANDREW MARTIN and/or VILLAGE Officers ETHAN MAJERUS and RYAN PEAT.

26. At no time did RANDLE resist or obstruct arrest by flight or otherwise.

27. At no time did RANDLE assault, attempt to assault or threaten to assault anyone, including CITY Officers KYRIAKO VOGIATZIS and ANDREW MARTIN and/or VILLAGE Officers ETHAN MAHERUS and RYAN PEAT.

28. On information and belief, Defendants CITY Officers KYRIAKO VOGIATZIS and ANDREW MARTIN and/or VILLAGE Officers RYAN PEAT and ETHAN MAJERUS had no information that RANDLE had committed a felony or other crime.

## FIRST CLAIM FOR RELIEF
## UNREASONBLE SEARCH AND SEIZURE - DETENTION AND ARREST
## (42 U.S.C. § 1983)

29. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. Defendants KYRIAKO VOGIATZIS, ANDREW MARTIN, ETHAN MAJERUS, and RYAN PEAT caused RANDLE to be detained, and they arrested RANDLE in violation of his right to be secure in his person against unreasonable searches and seizures as

guaranteed to RANDLE under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. As a result of the conducts of KYRIAKO VOGIATZIS, ANDREW MARTIN, ETHAN MAJERUS and RYAN PEAT, they are liable for RANDLE's injuries because they were integral participants to the violations of RANDLE's rights.

32. On September 28, 2019, RANDLE was detained without reasonable suspicion by KYRIAKO VOGIATZIS, ANDREW MARTIN, ETHAN MAJERUS, and RYAN PEAT, and they arrested RANDLE without probable cause.

33. The conduct of KYRIAKO VOGIATZIS, ANDREW MARTIN, ETHAN MAJERUS and RYAN PEAT was willful, wanton, malicious, and done with reckless disregard for the rights of RANDLE and therefore warrants the imposition of exemplary and punitive damages as to them.

34. Plaintiff also seeks attorney fees under this claim.

**SECOND CLAIM FOR RELIEF**
**UNREASONABLE SEARCH AND SEIZURE-EXECISSIVE FORCE**
**(42 U.S.C. § 1983)**

35. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. The unreasonable use of force by Defendants KYRIAKO VOGIATZIS, ANDREW MARTIN, and RYAN PEAT deprived RANDLE of his right to be secure in his person against unreasonable searches and seizures as guaranteed to RANDLE under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37. As a result, RANDLE suffered physical injuries and endured pain and suffering.

38. As a result of the conduct of KYRIAKO VOGIATZIZ, ANDREW MARTIN, and RYAN PEAT, they are liable for RANDLE's injuries because they were integral participants in the

excessive force.

39. The use of force was excessive because RANDLE was not resisting or obstructing arrest, the involved officers did not give a verbal warning that force would be used despite it being feasible to do so, and there were other reasonable options available other than throwing RANDLE to the ground.

40. The use of force was excessive and unreasonable under the circumstances especially because RANDLE was not resisting or obstructing, and he was already on the ground when he was kicked and kneed in the head. Defendants' actions thus deprived RANDLE of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

41. The conduct of KYRIAKO VOGIATZIS, ANDREW MARTIN, and RYAN PEAT was willful, wanton, malicious, and done with reckless disregard for the rights and safety of RANDLE and therefore warrants the imposition of exemplary and punitive damages against Defendants KYRIAKO VOGIATZIS, ANDREW MARTIN, and RYAN PEAT.

42. Plaintiff also seeks attorney fees under this claim.

**THIRD CLAIM FOR RELIEF**
***MONELL* CLAIM AGAINST CITY**
**(42 U.S.C. § 1983)**

43. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. On and for some time prior to September 28, 2019, and continuing to the present date, the CITY and Defendants DOES 1-10 deprived RANDLE of the rights and liberties to secured to him by the Fourth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence, and with reckless and deliberate indifference to the rights and liberties of the public in general, and

of RANDLE, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a. Employing and retaining as police officers and other personal including without limit KYRIAKO VOGIATZIS and ANDREW MARTIN, at all times material herein knew or reasonably should have known had dangerous propensities for abusing his authority and for mistreating citizens by failing to follow written CITY Police Department policies;

b. Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

c. By failing to adequately train officers, including without limit KYRIAKO VOGIATZIS and ANDREW MARTIN, and failing to institute appropriate policies, regarding the use of force and lawful arrest; and

d. By having and maintaining an unconstitutional policy, custom, and practice by using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1-10, and CITY were done with deliberate indifference to individuals' safety and rights.

45. By reason of the aforementioned policies and practices of Defendants CITY and DOES 1-10, RANDLE was severely injured and subjected to pain and suffering.

46. Defendants CITY and DOES 1-10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraph above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of RANDLE and other individual similarly situated.

47. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 1-10 acted with an intentional, reckless, and callous disregard for RANDLE's constitutional rights. Defendants DOES 1-10, each of their actions

were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

48. Furthermore, the policies, practices, and customs implemented and maintained by Defendants CITY and DOES 1-10, were affirmatively linked to and were a significantly influential force behind the injuries of RANDLE.

49. By reason of the aforementioned acts and omissions of Defendants CITY and DOES 1-10, RANDLE was caused pain and suffering and incurred medical expenses.

50. Accordingly, Defendants CITY and DOES 1-10, are each liable to RANDLE for compensatory damages under 42 U.S.C. § 1983.

51. Plaintiff also seeks attorney fees under this claim.

**FOURTH CLAIM FOR RELIEF**
***MONELL* CLAIM AGAINST VILLAGE**
**(42 U.S.C. § 1983)**

52. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53. On and for some time prior to September 28, 2019, and continuing to the present date, the VILLAGE and Defendants DOES 1-10 deprived RANDLE of the rights and liberties to secured to him by the Fourth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence, and with reckless and deliberate indifference to the rights and liberties of the public in general, and of RANDLE, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a. Employing and retaining as police officers and other personal including without limit RYAN PEAT, at all times material herein knew or reasonably should have known had dangerous propensities for abusing his authority and for mistreating citizens by

failing to follow written VILLAGE Police Department policies;

b. Of inadequately supervising, training, controlling, assigning, and disciplining VILLAGE Police Officers, and other personnel, who Defendant VILLAGE knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

c. By failing to adequately train officers, including without limit RYAN PEAT and failing to institute appropriate policies, regarding the use of force and lawful arrest; and

d. By having and maintaining an unconstitutional policy, custom, and practice by using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1-10, and VILLAGE were done with deliberate indifference to individuals' safety and rights.

54. By reason of the aforementioned policies and practices of Defendants VILLAGE and DOES 1-10, RANDLE was severely injured and subjected to pain and suffering.

55. Defendants VILLAGE and DOES 1-10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraph above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of RANDLE and other individual similarly situated.

56. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants VILLAGE and DOES 1-10 acted with an intentional, reckless, and callous disregard for RANDLE's constitutional rights. Defendants DOES 1-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

57. Furthermore, the policies, practices, and customs implemented and maintained by Defendants VILLAGE and DOES 1-10, were affirmatively linked to and were a significantly

influential force behind the injuries of RANDLE.

58. By reason of the aforementioned acts and omissions of Defendants VILLAGE and DOES 1-10, RANDLE was caused pain and suffering and incurred medical expenses.

59. Accordingly, Defendants VILLAGE and DOES 1-10, are each liable to RANDLE for compensatory damages under 42 U.S.C. § 1983.

60. Plaintiff also seeks attorney fees under this claim.

**FIFTH CLAIM FOR RELIEF**
**FALSE ARREST/FALSE IMPRISONMENT**
**(745 ILCS 10/9-102 and Illinois Common Law)**

61. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62. Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN, while working as police officers for CITY, acting within the course and scope of his duties, intentionally deprived RANDLE of his freedom of movement by use of force, threats of force and unreasonable duress when Defendant KYRIAKO VOGIATZIS and ANDREW MARTIN arrested RANDLE without probable cause. RANDLE did not knowingly or voluntarily consent to his detention or arrest.

63. RANDLE did not feel that he was free to leave as he was held to the ground and handcuffed. Further, Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN did not have probable cause to believe that RANDLE, specifically, had committed any crime.

64. The conduct against RANDLE by Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN by throwing him down to the ground and striking him in the head, was a substantial factor in causing the harm of RANDLE, namely his head injury.

65. CITY is vicariously liable for the wrongful acts of Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN pursuant to 745 ILCS 10/9-102 of the Illinois Code of Civil Procedure, which provides that a public entity is liable for the injuries caused by its employees within

the scope of the employment if the employee's act would subject him or her to liability.

66. The conduct of Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of RANDLE.

67. Plaintiff seeks compensatory damages under this claim.

**SIXTH CLAIM FOR RELIEF**
**FALSE IMPRISONMENT/FALSE ARREST**
**(745 ILCS 10/9-102 and Illinois Common Law)**

68. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69. Defendants ETHAN MAJERUS and RYAN PEAT, while working as police officers for VILLAGE, and acting within the course and scope of his duties, intentionally deprived RANDLE of his freedom of movement by use of force, threats of force and unreasonable duress when Defendants ETHAN MAJERUS and RYAN PEAT arrested RANDLE without probable cause.

70. On September 28, 2019, RANDLE did not knowingly or voluntarily consent to his detention or arrest. RANDLE did not feel that he was free to leave as he was held to the ground and handcuffed. Further, Defendants ETHAN MAJERUS and RYAN PEAT did not have probable cause to believe that RANDLE, specifically, had committed any crime.

71. The conduct against RANDLE by Defendant RYAN PEAT, by throwing and holding RANDLE to the ground and wrongfully arresting him, was a substantial factor in causing the harm, of RANGLE, namely his head injury.

72. VILLAGE is vicariously liable for the wrongful acts of Defendants ETHAN MAJERUS and RYAN PEAT pursuant to 745 ILCS 10/9-102 of the Illinois Code of Civil Procedure, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73. The conduct of Defendants ETHAN MAJERUS and RYAN PEAT was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of RANDLE.

74. Plaintiff seeks compensatory damages under this claim.

**SEVENTH CLAIM FOR RELIEF**
**BATTERY**
**(745 ILCS 10/9-102 and Illinois Common Law)**

75. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76. Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN, while working as a police officers for the CITY Police Department Special Operations Group, and acting within the course and scope of their duties, intentionally struck RANDLE multiple times, include kicking and punching his head while RANDLE was on the ground, striking RANLDE numerous times.

77. As a result of the actions of KYRIAKO VOGIATZIS and ANDREW MARTIN, Plaintiff RANDLE was severely injured and subjected to pain and suffering.

78. Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN had no legal justification for using said physical force against RANDLE and said Defendants' use of force while carrying on their officer duties was an unreasonable use of force, especially since RANDLE was not resisting arrest when he was thrown to the ground and struck in the head.

79. As a direct and proximate of the Defendants' conduct as alleged above, Plaintiff suffered physical pain and emotional distress and has been injured in mind and body.

80. CITY is vicariously liable for the wrongful acts of Defendants KYRIAKO VOGIATZIS pursuant to 745 ILCS 10/9-102 of the Illinois Code of Procedure, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

81. The conduct of Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of RANDLE.

82. Plaintiff seeks compensatory damages under this claim.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Illinois Common Law)**

83. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84. The actions referred to above were extreme and outrageous. Moreover, the extreme and outrageous nature of Defendants KYRIAKO VOGIATZIS, ANDREW MARTIN, and RYAN PEAT and DOES 1-10's actions further arose from their abusing their position as police officers which gave Defendants actual and apparent authority over RANDLE and the power to affect RANDLE's interests.

85. Defendants KYRIAKO VOGIATZIS, ANDREW MARTIN, RYAN PEAT, and DOES 1-10, by their actions referred to above, thereby intended to cause severe emotional distress or recklessly disregarded the probability of emotional distress to RANDLE.

86. The misconduct described in this Count was undertaken with malice, willfulness, and reckless disregard for the rights of RANDLE.

87. Defendants KYRIAKO VOGIATZIS, ANDREW MARTIN, RYAN PEAT, and DOES 1-10's outrageous conduct proximately caused RANDLE's severe emotional distress.

88. CITY is vicariously liable for the wrongful acts of Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN pursuant to 745 ILCS 10/9-102 of the Illinois Code of Procedure, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89. VILLAGE is vicariously liable for the wrongful acts of Defendant RYAN PEAT pursuant to 745 ILCS 10/9-102 of the Illinois Code of Procedure, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90. The conduct of Defendants KYRIAKO VOGIATZIS, ANDREW MARTIN, and RYAN PEAT, and DOES 1-10, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of RANDLE.

91. Plaintiff seeks compensatory damages under this claim.

**NINTH CLAIM FOR RELIEF**
**RESPONDEAT SUPERIOR**
**(Illinois Common Law)**

92. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 91 of this Complaint with the same force and effect as if fully set forth herein.

93. In committing the acts alleged above, and at all times relevant, Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN were agents, employees, and/or servants of CITY, and were acting within the course and scope of their duties and employment.

94. In committing the acts alleged above, and at all times relevant, Defendants ETHAN MAJERUS and RYAN PEAT were agents, employees, and/or servants of VILLAGE, and were acting within the course and scope of their duties and employment.

95. Defendants CITY and VILLAGE are liable as principal for all torts committed by their respective agents, employees, and/or servants.

**TENTH CLAIM FOR RELIEF**
**INDEMNIFCATION**
**(745 ILCS 10/9-102)**

96. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 95 of

this Complaint with the same force and effect as if fully set forth herein.

97. Pursuant to 745 ILCS 10/9-102 of the Illinois Code of Civil Procedure, public entitles are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

98. In committing the acts alleged above, and at all times relevant, Defendants KYRIAKO VOGIATZIS and ANDREW MARTIN were employees of the CITY, acting at all relevant times within the scope of their employment.

99. In committing the acts alleged above, and at all times relevant, Defendants ETHAN MAJERUS and RYAN PEAT were employees of the VILLAGE, acting within the course and scope of their duties and employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARCUS RANDLE, prays for a jury trial and for judgment in his favor and against the Defendants, CITY OF AURORA; KYRIAKO VOGIATZIS; ANDREW MARTIN; VILLAGE OF NORTH AURORA; ETHAN MAJERUS; and RYAN PEAT, awarding compensatory damages in excess of $100,000.00, costs, and attorney fees, along with punitive damages against the individual defendants, and such further other relief as the Court may deem just, proper, and appropriate.

**JURY DEMAND**

Plaintiff, MARCUS RANDLE, demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted, MARCUS RANDLE

By: /s/ Thomas G. Gardiner
One of Plaintiff's Attorneys

Thomas G. Gardiner (IL # 6180243)
John R. Wrona (IL # 6244155)
Daniel J. Hollis (IL #6333784)
GARDINER KOCH WEISBERG & WRONA
53 West Jackson Blvd., Suite 950
Chicago, IL 60604
(312) 362-0000
Email: tgardiner@gkwwlaw.com
jwrona@gkwwlaw.com
dhollis@gkwwlaw.com